H. G. DOZIER v. H. D. BALLANCE.

(Filed 23 September, 1936.)

APPEAL by defendant from *Small, J.,* at April Term, 1936, of CURRITUCK. No error.

This was an action brought by plaintiff against defendant to recover $727.88, and interest, on a sealed note, dated 1/2/30, due 360 days after

date, less a credit of $100.00 paid on January 6, 1931. The defendant denied that there was a seal to the note when he signed it, pleaded the three-year statute of limitations, and also set up the defense of mistake on his part induced by fraud of plaintiff.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the word 'Seal' added to the note sued on after its execution? Ans.: 'No.'

"2. Is the plaintiff's cause of action barred by the three-year statute of limitations? Ans.: 'No.'

"3. Was the note sued on executed by the defendant through the mistake of the defendant induced by the fraud of the plaintiff? Ans.: 'No.'

"4. In what amount, if any, is the defendant indebted to the plaintiff?

Ans.: '$727.88
     100.00
     —————
     $627.88, with interest.' "

The defendant made certain exceptions as to the evidence and charge of the court below, assigned same as error, and appealed to the Supreme Court.

*John H. Hall and Chester Morris for plaintiff.*
*M. B. Simpson for defendant.*

PER CURIAM. We do not think any of the exceptions and assignments of error made by defendant can be sustained. The major contest was over whether the note when executed by defendant was not under seal, and therefore barred by the three-year statute of limitations. The testimony on this aspect was competent, but conflicting. Plaintiff testified it was and defendant to the contrary. The jury, the triers of the facts, decided with plaintiff, and this is binding on us. It was contended by defendant that the court below was in error in the charge on the defense of mistake of defendant induced by fraud of plaintiff and as to the burden of proof on this issue. However this may be, we think it immaterial on this record. From the record we see no sufficient evidence to be submitted to the jury on this defense of defendant.

In the judgment below there is

No error.